Confession of Error

PER CURIAM.
This is an appeal of an order denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
*429 Defendant-appellant Stanley Pettigrew was charged as a principal in the offense of attempted first-degree murder. The charging document alleged that the defendant “did act as a principal while another, who is to the Assistant State Attorney unknown shot SAMUEL MIZEARY with a firearm, to-wit: a PISTOL, in violation of 782.04(1) and 777.04(1) Florida Statutes ....”[1] Upon conviction on this count the defendant was sentence to a term of ninety-nine years.
The State acknowledges that under the applicable statutes, first-degree murder is a capital felony. § 782.041(1), Fla. Stat. (1981). An attempt reduces a capital felony to a first-degree felony. Id. § 777.04(4)(a). “Attempts to commit a capital felony are sentenced as first-degree felonies, which always carry a maximum sentence of thirty years absent a statutory provision authorizing life. There is no such authorizing statute for attempted first-degree murder....” King v. State, 390 So.2d 315, 320 (Fla.1980).[2] We therefore reverse the order on this point and remand for reduction of the ninety-nine year sentence on this count to the legal maximum of thirty years. The defendant need not be present.
We affirm on the remaining issues without comment.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The crime date was December 23, 1981.

. The trial court has already vacated the three-year mandatory minimum sentences imposed on this count and two other counts for possession of a firearm while committing the charged crimes.